IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KENYATTA ERKINS,

        Petitioner,   :   Case No. 1:14-cv-410

- vs -                    District Judge Susan J. Dlott
                            Magistrate Judge Michael R. Merz

MICK R. OPPY, Warden, Correctional
  Reception Center,

                                       :

        Respondent.

## DECISION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 16). The Court recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 20). The Magistrate Judge then filed a Supplemental Reports and Recommendations (ECF No. 22) to which Petitioner has also objected (ECF No. 23).

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted. As to Erkins' claim in the Objections to the Supplemental Report that "there was not a scintilla of evidence to establish that petitioner had a deadly weapon on or about his person or under his control" (ECF No. 23, PageID 2062), see *State v. Erkins*, 2012-Ohio-5372, ¶ 6, 2012 Ohio App. LEXIS 4712 (1st Dist. Nov. 21, 2012).

1

Erkins makes no response to the point in the Supplemental Report that there was no need to prove a weapon in any event because the charge was amended from aggravated robbery to robbery, which does not require proof of a weapon. The same thing is true of Subclaim Two as to the convictions of robbery for victims Alan Boogher, Michael Li, and Tony Quach.

Erkins objects that the Magistrate Judge did not properly apply *Neil v. Biggers*, 409 U.S. 188 (1972), to his claim of an impermissibly suggestive identification procedure (ECF No. 23, PageID 2067). As the Supplemental Report found, a habeas court does not apply *Neil de novo*. Rather, the question is whether the state court's application of *Neil* was objectively unreasonable (ECF No. 22, PageID 2058). A federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly". *Bell v. Cone*, 535 U.S. 685, ____ (2002).

Accordingly, it is hereby ORDERED that the habeas corpus petition herein be dismissed with prejudice and that Petitioner be denied a certificate of appealability except as to (1) the questions of whether the display of a photograph of Erkins by the prosecutor to Michael Weisbrod was impermissibly suggestive and (2) the Third Ground for Relief.

_____
Susan J. Dlott, Judge United States District Court

2